No. 19,290.

HELEN G. BOURNAKIS *v.* GUS BOURNAKIS.
(361 P. [2d] 438)

Decided May 1, 1961.

Mr. JOHN F. MUELLER, for plaintiff in error.

Mr. MORRIS RIFKIN, Mr. THEODORE EPSTEIN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties as husband and wife.

Because this writ of error is limited in scope, it is unnecessary to detail any of the pleadings or the evidence in the trial.

After final decree of divorce, in a hearing on the matter of property settlement, the court made a finding as

to the equitable division of the property and decreed, among other things, that the husband should pay to the wife a sum equal to one-third of the value of a tavern business operated jointly by the couple. The fractional figure of one-third decreed to the wife by the court is not challenged, nor is there any objection to the other disposition of property as provided in the decree. What is sought here is a remand for a determination upon *competent evidence* of the true value of the business upon which the 33⅓% division is to be calculated.

After entering the property settlement decree which resolved all matters except the question of value of the tavern business, the court appointed an appraiser to report his findings as to the value thereof. The report on this vital issue consists of a rather sketchy letter to the court containing the appraiser's opinion that the business as a going concern, including fixtures and equipment, is worth the sum of $7500. The court, without notice to the parties, appended to the bottom of the letter the word "Approved" and dated and signed the notation. No further order was entered by the court.

Objections were filed by the wife to the appraisal, and a hearing was requested on the correctness thereof. Although the trial court heard argument on the objections, the wife was not permitted to produce any evidence as to the appraised value of the business, nor was she allowed to cross examine or otherwise test the weight and sufficiency of the appraiser's opinion. It is asserted by the husband that the court's approval of the appraiser's letter is a conclusive finding by the court and of such a nature as to bind this court.

If it be assumed that the endorsement "Approved" on the appraiser's letter by the trial judge was tantamount to a finding by the court of the value of the business, nevertheless the facts here do not bring the case within the rule that findings of the trial court, if supported by credible evidence, will be binding on review. The questions presented are whether the letter,

without more, is competent evidence, and whether the wife was denied a hearing on the important issue of value.

 After hearing all the evidence on the issue of property settlement, the court was not able to determine the value of the business. His appointment of an appraiser was nothing more than the naming of an expert witness. This appointment, we assume, was made necessary because of the dearth of competent evidence which would enable the court to make a decision on the point. The naming of the particular appraiser did not, however, impart to the appointee infallibility, nor did it preclude rebuttal, cross examination and other tests which would attack the credibility of the witness and the weight to be given his testimony. It is to be noted that the action of the court was not in the nature of a reference to a master wherein are embodied directions by the court as to the method of obtaining the evidence with specific findings to be made and reported to the court.

It appears from the letter of the appraiser that his work entailed a number of visits at various hours to the premises, inspection of the books, and other personal observations which not only provided the witness ex parte contact with the husband who was operating the business, but also involved observations, the nature of which the appraiser did not impart in the letter, and concerning which he was not examined. The correctness of the books the appraiser was given to examine, the period of time they covered, the methods employed in relation to sound appraisal practices, and other factors affecting the accuracy of his conclusions and the sufficiency of his investigation, were never shown to the court because no hearing was held for that purpose.

The necessity of the court making a correct determination of value is obvious. An appraisal, if made too low, could amount to a confiscation of the wife's property. This is shown by the offer of the wife to prove, if a hearing were held, that the gross receipts over a five

year period had averaged $44,000 per annum, whereas the appraiser stated he had determined the receipts to be less than $100 per day. The appraiser stated that in addition to books and records he determined this figure also from personal observation in the days and hours he visited the establishment. As to how much less than $100 per day the gross business was is not stated in the letter. Nor was the relation of gross receipts to the ultimate value of $7500 shown. The volume of business as related to net profit would have a bearing on the value of the business as a going concern, exclusive of other factors such as inventory, fixtures, value of lease-hold, etc.

The cause is remanded to the trial court for further hearing in harmony with the views herein expressed.

MR. JUSTICE SUTTON and MR. JUSTICE DOYLE concur.